**UNITED STATES of America**

v.

**Paul ENTEN et al.**

**Crim. No. 166–71.**

United States District Court,
District of Columbia.

Sept. 20, 1971.

See also D.C., 329 F.Supp. 307.

Harold J. Sullivan, Asst. U. S. Atty., William E. Reukauf, Asst. U. S. Atty., for the United States.

Thomas A. Wadden, Jr., Washington, D. C., for defendant Enten.

Leslie Scherr, Washington, D. C., for defendant Lemonakis.

## OPINION

SIRICA, District Judge.

This matter is before the Court on defendant Enten's motion for an order permitting defendant to comment upon co-defendant Lemonakis' failure to testify. Defendant Enten relies heavily upon the "De Luna rule" enunciated in De Luna v. United States, 308 F.2d 140 (5th Cir. 1962).

The facts of De Luna are not complicated but a brief outline of them will be helpful in understanding the case and the scope of the rule relied upon by defendant Enten. In De Luna, defendants Gomez and De Luna were riding together in Gomez's automobile. They were arrested for possession and transportation of narcotics. When arrest was imminent, de Luna tossed a package, the narcotics, to Gomez who then threw it out the window; the police saw only Gomez's actions. Gomez, ignorant of the contents, pleaded he was a victim of circumstances. Pretrial severance was denied. During trial Gomez took the stand while de Luna did not testify under the right to remain silent as guaranteed by the Fifth Amendment.

The conflicting interests of de Luna and Gomez generated an important question relating to the scope of the privilege against self-incrimination. Although the fact situation of De Luna is materially different than that in the case at bar, the issue before the De Luna court was exactly the same as presented in the instant case:

When one of two defendants jointly tried in a criminal proceeding in a federal court exercises his right not to testify, does the Fifth Amendment protect him from prejudicial comments on his silence made to the jury by an attorney for the co-defendant? 308 F.2d at 141.

The court noted that "in accordance with his [de Luna's attorney] theory of the case and impelled by a proper sense of duty to his client, Gomez's attorney, * * * contrasted Gomez's willingness with de Luna's unwillingness to take the stand." 308 F.2d at 142. These comments were integral to Gomez's defense, and were fundamentally antagonistic to de Luna's.

Vindicating Gomez's right to comment the court said that "his right to confrontation allows him to invoke every inference from de Luna's absence from the stand." 308 F.2d 143. In addition, however, the court characterized the trial judge's allowance of Gomez's comment as to de Luna's silence, even with carefully prepared instructions explaining de Luna's right to silence, as a violation of the Fifth Amendment. With the difficult dilemma thus presented the Fifth Circuit concluded that "for each of the defendants to see the face of Justice they must be tried separately." 308 F.2d at 155.

This dilemma caused by the conflict of equally valued and protected constitutional rights emerges only when, as will be shown below, the need and right to comment emerges from a proper sense of duty to the client. The question then is, when does that duty arise?

In Gurleski v. United States, 405 F.2d 253 (5th Cir. 1968), three defendants were charged with violations of the Dyer Act. At pretrial the district judge ordered defendants intending to take the stand, not to comment upon the co-defendants who did not. Defense counsel, relying heavily upon the "De Luna rule," contended that he "owed the duty" to employ the trial tactic of commenting on the failure of the other defendants to testify. Counsel also argued for severance. Addressing itself to the issue of

commenting upon co-defendants' failure to testify, the court said:

> This contention is very similar to the one raised as to severance. Again appellant relies heavily on De Luna v. United States, * * *.

Explaining why reliance upon *De Luna* was misplaced the court continued:

> The *De Luna* rule applies only when it is counsel's duty to make a comment, and a mere desire to do so will not support an incursion on a defendant's carefully protected right to silence. *Clearly, a duty arises only when the arguments of the co-defendants are antagonistic.* * * * True antagonistic defenses are exemplified in De Luna. (Emphasis added.) 405 F.2d at 265.

Unlike *De Luna*, the record in *Gurleski* reflected a "highly coordinated defense by all the defendants and a united, spirited attack upon the credibility of [non-defendant] witnesses." 405 F.2d at 265. Upholding the trial judge's refusal of severance as non-prejudicial the court again pointed to *De Luna* saying that unlike *Gurleski*, "the interest of the co-defendants [in *De Luna*] were severely conflicting." 405 F.2d at 264. The court noted non-cooperation between the co-defendants' attorneys and attempts by each defendant throughout the trial to shift culpability to the other.

In Hayes v. United States, 329 F.2d 209 (8th Cir. 1964), the court in distinguishing *De Luna* said that ordering defendant Bennett's counsel not to comment upon co-defendants' failure to testify was not prejudicial error as "it is difficult to perceive any benefit that might flow to Bennett by permitting him to call the attention of the jury to the fact that some of his codefendants did not testify." 329 F.2d at 222. Bennett was not attempting to place blame for the wrongful acts charged upon a co-defendant.

In conclusion then, it is evident from the above authority that counsel for Enten under the "De Luna rule," as further defined in *Gurleski*, cannot assert that a duty exists compelling him to comment upon co-defendant Lemonakis' failure to testify nor that refusal of severance is prejudicial joinder. The key to the "De Luna rule," when multiple defendants' rights are in conflict, is that the comments must be an integral part of the defense and fundamentally antagonistic to the non-testifying defendant. Neither of these elements are present in the case at bar, as this Court finds the efforts of both counsel independent yet not antagonistic.

For the foregoing reasons, defendant's motion for a ruling permitting Enten to comment upon co-defendant Lemonakis' failure to testify or in the alternative for severance, is denied.